IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALBERT J. SLINEY,                        :
           Petitioner,         :        1:15-cv-1410
                               :
     v.                              :        Hon. John E. Jones III
                               :
R.A. PURDUE, WARDEN,            :
           Respondent.         :

## MEMORANDUM

### October 30, 2015

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Albert J. Sliney ("Sliney"), a federal inmate incarcerated at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

## I. BACKGROUND

Following a jury trial, Sliney was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(e). *Sliney v. United States*, No. CIVA 05-033 WL, 2006 WL 2642326, at *1 (D. R.I. Sept. 12, 2006).

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

He was sentenced to 210 months imprisonment pursuant to the provisions of the Armed Career Criminal Act. (*Id.* at *3).

Sliney appealed and the United States Court of Appeals for the First Circuit affirmed his conviction and sentence. (*Id.*) He did not seek any further review, and his appeal became final on or about April 25, 2004. (*Id.*) On January 28, 2005, he filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (*Id.* at *4). "In his motion and supporting papers, Sliney claim[ed] that his trial counsel rendered ineffective assistance due to counsel's failure (1) to file a pretrial a motion to suppress Sliney's statements made at the time of arrest and (2) to call certain defense witnesses at trial. Sliney further claim[ed] that the Government's use of those statements against Sliney at his detention hearing and at trial violated due process, as no Miranda warnings were provided to him." (*Id.*) The motion was denied on September 12, 2006. (*Id.* at *12).

He filed the instant petition on July 21, 2015, seeking immediate release and an order terminating his supervised release. (Doc. 1, p. 8).

## II.   <u>DISCUSSION</u>

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307

F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974));

*see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997).  Once relief is sought *via* section

2255, an individual is prohibited from filing a second or subsequent 2255 petition

unless the request for relief is based on "newly discovered evidence" or a "new

rule of constitutional law."  28 U.S.C. § 2255(h); 28 U.S.C. 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to

circumstances where the remedy by motion under § 2255 would be inadequate or

ineffective to test the legality of detention.  *See* 28 U.S.C. § 2255(e); *see Okereke*,

307 F. 3d at 120; *see Dorsainvil*, 119 F.3d at 251-52.  Section 2255 may be

inadequate or ineffective when a federal prisoner  is in an unusual position of

having no earlier opportunity to challenge his conviction or where he "is being

detained for conduct that has subsequently been rendered noncriminal by an

intervening Supreme Court decision."  *Dorsainvil*, 119 F.3d at 251–52.

Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the

sentencing court does not grant relief, the one-year statute of limitations has

expired, or the petitioner is unable to meet the stringent gatekeeping requirements

of the amended § 2255."  *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir.

2002) (citations omitted); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d

Cir. 2000); *Dorsainvil*, 119 F.3d at 251.  "If a prisoner attempts to challenge his

conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be

dismissed for lack of jurisdiction." *Id.*, citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.") *See also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

In the instant petition, Sliney assets that he was improperly sentenced as an armed career criminal.  He relies on the recent United States Supreme Court case of *Johnson v. United States*, — U.S. — , 135 S.Ct. 2551 (2015), in arguing that he suffered an "unconstitutional enhancement of sentence pursuant to the Armed Career Criminal Act," because the court erroneously categorized prior state court convictions as violent felonies.   (Doc. 1, p. 6).  In *Johnson*, the United States Supreme Court held that the "residual claims" of the Armed Career Criminal Act violates the Constitution's guarantee of Due Process due to vagueness.  *Johnson*, 135 S.Ct. at 2563.  Because Sliney is ultimately challenging his conviction and sentence, his claims are controlled by 28 U.S.C. § 2255.  *See Wallace v. Bledsoe*, No. 1:1-CV-132, 2011 WL 766641, * 3 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his

sentence must be brought by way of section 2255); *Pryce v. Scism*, Civil No. 1:10-cv-1680, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). Accordingly, the instant petition is subject to dismissal.

Significantly, Sliney has failed to present the issue he raises in a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  Instead, he attempts to utilize § 2241 to obtain the desired relief.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Sliney fails to demonstrate that he falls within the *Dorsainvil* exception.  He contends that he is entitled to relief from sentencing as an armed career criminal, as opposed to being factually innocent of the crime for which he was convicted.  However, as recognized by this Court, and by other courts who have considered this argument, one is not convicted of being an "armed career criminal."  Rather, this status is utilized as a basis to enhance a federal sentence.

5

Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by §2255 would be inadequate or ineffective. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.  Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); *see also, Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law.  Accordingly the exception described in *In re Dorsainvil* does not apply.").

## III.   CONCLUSION

For the above stated reasons, the Court lacks jurisdiction to consider Sliney's petition.  Therefore, the petition will be dismissed.  Notably, dismissal will be without prejudice to Sliney's ability to take any action he deems appropriate under §2255 to preserve and present his issues in a second or

successive motion to vacate, set aside, or correct his sentence.

An appropriate order will issue.